**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **FELIPE U. URIARTE #72970-279** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:18cv898** |
| § | **CRIMINAL ACTION NO. 4:10cr36(29)** |
| **UNITED STATES OF AMERICA** § | |

**MEMORANDUM OPINION AND ORDER**

Movant filed "Motion for Relief Pursuant to Rule 60(b)(1) and (6)" (Dkt. #21). However, Movant is essentially asking the court to re-open the time in which to file a notice of appeal concerning the denial of his § 2255 motion. Accordingly, the court construes his motion as such pursuant to Federal Rule of Appellate Procedure 4(a)(6).[1] After reviewing the motion and the record, the court is of the opinion that the motion should be granted.

**I. BACKGROUND**

On July 15, 2013, a jury found Movant guilty of conspiracy to distribute or possess with intent to distribute cocaine, methamphetamine, marijuana, or ecstasy, in violation of 21 U.S.C. § 846. On June 2, 2016, the court sentenced Movant to 300 months' imprisonment. On September 18, 2017, the Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Kiekow*, 872 F.3d 236 (5th Cir. 2017).[2] Movant then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States Magistrate Judge issued a Report and Recommendation (Dkt. #13) in which it was recommended Movant's motion be denied and dismissed with prejudice because the motion was without merit. Movant asked for an extension of time in which to file objections, and the court granted the motion, extending Movant's time to

---

[1] The court notes that Movant also filed "Uriarte's Motion to Re-open the Time to File His Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(6)" (Dkt. #24), which is duplicative of the instant motion currently under consideration. Therefore, it will be denied as moot.

[2] Appellants are listed as William Edmund Kiekow, Felipe U. Uriarte, and Arthur James Pierre.

1

February 24, 2021. The record shows, however, that Movant did not acknowledge receipt of the order granting the extension until March 25, 2021. The court waited thirty-five days before entering Final Judgment on April 29, 2021, during which time no objections were filed. On May 10, 2021, the court received Movant's objections (Dkt. #20) although the case had been closed eleven days earlier. The record shows that the Clerk's Office, at Movant's request, mailed a copy of the docket sheet and Final Judgment to Movant on August 27, 2021. On September 13, 2021, Movant filed the instant motion (Dkt. #21). On September 27, 2021, the Government filed a Response to the motion, stating it has no objections to reopening the time in which to file an appeal should the court find that the appropriate criteria is met.

## II. DISCUSSION

Movant states he is bringing the instant motion pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure. Movant is seeking relief because he claims he did not receive notice of Final Judgment; thus, he did not timely file a notice of appeal. Failure to receive notice of the judgment under Rule 77(d) does not constitute a basis for relief under Rule 60(b), however. *Latham v. Wells Fargo Bank,* 987 F.2d 1199, 1203 (5th Cir. 1993). As noted above, the court construes Movant's motion as a motion to re-open the time in which to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Rule 4(a)(6) states that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Although no mail was returned to the court, the court finds that Movant arguably did not receive notice of the Final Judgment, which was issued on April 29, 2021, until August 30, 2021. Movant filed his motion to reopen the time to file an appeal on September 8, 2021, the date he states he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Thus, Movant's motion was filed within 14 days after learning of the issuance of the Final Judgment and within 180 days of Final Judgment issuing. The court finds that no party would be prejudiced by reopening the time to file an appeal.

Consequently, it is **ORDERED** that Movant's construed motion to re-open the time in which to file an appeal (Dkt. #21) is **GRANTED**, and the time to file an appeal is **REOPENED** as of today's date. Movant shall be allowed to file an appeal concerning this §2255 case. **Movant shall have fourteen days from today's date in which to file a notice of appeal**.

It is further **ORDERED** that Movant's duplicative motion to re-open the time in which to file an appeal (Dkt. #24) is **DENIED** as moot.

It is finally **ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 31st day of January, 2022.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE